ELIJAH FULTON *vs.* JANE NASON.

Cumberland, 1876.—August 5, 1876.

*Executor and administrator.*

Where in a pending action, both parties have deceased, the administrator of the plaintiff has a right to appear, and to summon in the administrator of the defendant.

ON EXCEPTIONS, at the April term, 1876.

Both plaintiff and defendant having deceased, the plaintiff's administrator appeared ; a citation issued to Eben Leach, administrator of the defendant, returnable at this term, to appear and take upon him the defense of the action.   Leach appeared specially under protest, and said, "that this action was entered in this court at the January term, 1874 ; that thereafterwards Fulton died, and his death was duly suggested upon the docket at the April term, 1874 ; that thereafterwards, and before the appearance or appointment of any administrator · of said Fulton, Jane Nason died, and her death was duly suggested upon the docket at the October term, 1874.

Whereupon he says that he cannot take upon himself the defense of this action, because no action is pending, and no statute compels his appearance therein."

The presiding justice overruled the protest, and ruled that Leach appear.   And Leach alleged exceptions.

*W. H. Vinton*, for the defendant's administrator.

*S. C. Strout & H. W. Gage*, for the plaintiff's administrator.

APPLETON, C. J.   This is an action of assumpsit.   During the pendency of the suit, both the plaintiff and the defendant have deceased.   After the death of the parties had been suggested upon the docket, the administrator of the plaintiff entered his appearance, and claimed the right to further prosecute this suit.

At common law, by the death of the parties, the suit would have abated.   But by R. S., c. 82, § 30, the death of a party being suggested, his executor or administrator may become a party, or be summoned in to become a party, at the instance of the opposing

party, when the cause of action survives. The statute applies to plaintiff and defendant. The administrator of the plaintiff has the same right to appear after the death of a defendant, as if he were living. The death of a defendant affords no reason why the executor or administrator of the plaintiff should not become a party, and becoming a party, he may by statute summon in the executor or administrator of a deceased defendant.

The motion of the defendant's administrator to dismiss the suit is denied. *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.